## 29984. ANDREWS *v.* RICH'S INC. *et al.*

DECIDED MAY 8, 1943.

*Hughes Roberts,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

STEPHENS, P. J. Mrs. Valeria Andrews sued Rich's Inc. and W. P. Guinn, to recover damages for injuries alleged to have been received by her as the result of alleged negligence of the defendants. The plaintiff alleged, that while in the department store of Rich's Inc., as a customer, and therefore as an invited person, and was proceeding along a mezzanine floor approaching a very narrow passageway caused by the presence of some articles of merchandise, thus forming what she alleged was a "bottle-neck," a person standing on one side of this passageway with his back turned to the approaching plaintiff, and who was engaged in conversation about the business of Rich's Inc. with the defendant Guinn, an employee of Rich's Inc., at the termination of this conversation stepped backward into the pathway of the plaintiff, thereby causing her to trip and fall and strike her head and face on a sharp iron railing. It is not alleged that the plaintiff was injured as the result of any negligence of the person who backed into her, but it is alleged that the injuries were the result of the negligence of Rich's Inc., through its agent and employee Guinn, and of the negligence of Guinn himself, in that Guinn, who was facing the plaintiff who was in plain view of him as she approached this narrow passageway in the aisle, terminated his conversation with the other person whose back was towards the plaintiff, knowing that on the conclusion of this conversation the person to whom he was talking would move back into the path of the plaintiff, and failed to give plaintiff any warning, and failed to warn the person to whom he was talking of the plaintiff's approach, and failed to restrain him from stepping into the plaintiff's path, and allowing any person dealing with employees of Rich's Inc. to stand where he could step into the bottleneck when the business of such person was concluded, rendering the passage hazardous to persons using it. It is specifically alleged as negligence of Rich's Inc., in allowing the articles in the aisle so as to obstruct the passageway and render it narrow, maintaining next to said bottle-neck a show-case with a glass front which acted as a mirror, thereby creating a confusing optical illusion which would give to one approaching at this point a distorted and false impression as to the amount of space and location of objects in the aisle, and in constructing the railing of upright iron bars with no

protective covering, thus constituting a dangerous instrumentality and increasing the hazards of one falling or being thrown against the railing.

General and special demurrers of both defendants were sustained, and the plaintiff excepted.

There are substantially only two alleged grounds of negligence. It is alleged that Rich's Inc. was negligent through its agent Guinn, and that Guinn was individually negligent, in that while the plaintiff was approaching in full view of him he terminated the conversation knowing that the person to whom he was talking would step backwards into the plaintiff's path, in failing to warn him or the plaintiff as alleged, and that as the result of such negligence the plaintiff received the injuries. It is also alleged that Rich's Inc. was negligent in maintaining an unsafe place for the plaintiff to walk by creating a narrow aisle adjacent to which there was a dangerous iron railing.

The injuries received by the plaintiff as the result of her tripping and falling and coming in contact with the iron railing can not be regarded as the proximate result of any negligence of Guinn, or through him, Rich's Inc., in terminating the conversation with the person with whom Guinn was talking, although Guinn may have anticipated at the time that the person with whom he terminated the conversation would step back into the path of the plaintiff. It is nowhere alleged that the person who stepped backwards came in physical contact with the plaintiff. It is alleged only that his backing into the plaintiff's path caused her to trip and fall. It does not appear from the nature of the act of a person stepping backwards in the pathway of another that such act is fraught with any danger to the person approaching. It is a common occurrence, where people congregate or proceed along pathways on the sidewalks, or in other places such as stores, for persons to obstruct the pathways of others and sometimes bump into them, without any attendant harm or injury. All that Guinn could have reasonably anticipated, when he terminated the conversation with the person to whom he was talking, was that the latter would step into the path of the plaintiff and perhaps come in bodily contact with her, without any serious harm or injury to her. Whether or not Rich's Inc. could be regarded as negligent in maintaining a narrow passageway with a dangerous railing on one side

and an obstruction on the other, by the presence of goods of Rich's Inc. being in the aisle, it does not appear from any allegation that such negligence was the cause of the plaintiff's injuries. The injuries were caused, as alleged in the petition, by her tripping and falling after the person to whom Guinn was talking stepped into her pathway.

The petition failed to set out a cause of action against either defendant, and the court properly sustained the general demurrers.

*Judgment affirmed. Sutton and Felton, JJ., concur.*